**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION AT BIG STONE GAP**

|  |  |  |
|---|---|---|
| **IN RE: WILLIAM AND LOIS LOPEZ,** | ) ) | |
| Debtors | ) ) ) | **CASE NO. 05-71778** **CHAPTER 7** |

**MEMORANDUM DECISION**

ISSUE AND FINDINGS OF FACT

The matter before the Court is the Trustee's Objection to the Debtors' Claim of Exemptions and Motion for Turnover. The issue on which the Objection and Motion turn is whether the Debtors made a timely filing of a homestead deed under Virginia law. Va. Code § § 34-4, -17 (2005 Repl. Vol.). Prior to July 1, 2005 the Virginia statute required that to perfect a homestead exemption in a Chapter 7 bankruptcy case the debtor was obliged to file the homestead deed for record no later than five days after the date originally set for the section 341 meeting of creditors. Effective on that date, however, an amendment to that statute became effective which extended the deadline date to five days following the date the meeting of creditors actually takes place. The Debtors filed their chapter 7 bankruptcy case on May 6, 2005. The meeting of creditors was originally scheduled for June 30, 2005. Accordingly, based on the Virginia law in effect on that date, the Debtors had until July 5 to record their homestead deed. The meeting of creditors did not actually take place on June 30, however, and it was not actually held until October 20, 2005. On October 21, 2005, within five days of that actual meeting date, the Debtors filed their homestead deed. The Trustee has not raised any objection to the homestead deed other than the fact that it was not filed within five days of the originally scheduled meeting date of June 30. The Trustee claims that the law in effect on the date the

bankruptcy petition was filed governs.  Counsel for the Debtors contends that because on July 1, the date the statutory amendment became effective, his clients could have filed a timely deed, their right to do so was extended because the relaxed legal standard became effective before they had lost their right to file a homestead deed under Virginia law and therefore protects the filing which they did make, which was timely under the amended version of the statute.  This seemingly simple issue has proved surprisingly difficult to resolve.  After considerable legal research and reflection, the Court concludes that the Objection must be sustained and the Motion must be granted.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  Determination of the validity of a claim of exemption and a motion to turn over property of the bankruptcy estate are "core" bankruptcy proceedings by virtue of 18 U.S.C. § 157(b)(2)(B) and (E).

The Trustee contends that not only the nature and extent of the homestead exemption but the procedural means for doing so are determined by the law in effect on the filing date of the petition.  The bankruptcy law applicable to the decision of this matter is that which existed prior to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  The pertinent statute, 11 U.S.C. § 522(b)(2)(A), as applicable to the facts of this case involving a Virginia debtor, provides for an exemption effective in bankruptcy of "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days

immediately preceding the date of the filing of the petition". There can be no reasonable doubt under this wording that, at the least, the extent of the exemption provided for under applicable State or local law is controlled by the applicable law in effect on the petition filing date. In support of his contention that the applicable procedural requirements for obtaining that exemption are determined by the law in effect on the filing date, the Trustee quotes from the American Jurisprudence 2d treatise on the subject of Bankruptcy as follows,

> When electing to claim an exemption under state law pursuant to 11 USCA § 522, the debtor is required to comply with the state law in effect at the time of the filing of his or her bankruptcy petition.

9A Am Jur 2d 554, Bankruptcy § 1299 (1999). Two cases are cited in support of this statement. One of them, a Fourth Circuit opinion, *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir. 1982), does not contain this specific language[1] and does not deal with any change in the procedural method for claiming a homestead exemption. The other case, *In re Golden*, 789 F.2d 698 (9th Cir. 1986), does contain substantially this same language but likewise does not deal with any change in the relevant statute. The California statute in question provided an exemption for sale proceeds of a debtor's homestead property if the proceeds were reinvested within six months. The debtor filed bankruptcy within that six month period but did not reinvest the proceeds, which resulted in the bankruptcy trustee making a claim for them. The Court held simply that the failure to comply with the relevant California statute resulted in the loss of the exemption in bankruptcy. There was no noted change in the applicable law during the pendency of the

---

[1] The opinion does contain the following language: "For property to be exempt under state or local law, it must be claimed as exempt in the manner prescribed by those laws. Thus, the exemption conferred by the above-quoted language presupposes compliance with the pertinent state and local laws." 689 F.2d at 472. At that time the applicable Virginia statute required that the homestead deed be filed prior to the filing of the bankruptcy petition. The opinion contains no suggestion that this provision changed during the pendency of the case under review.

bankruptcy case. The *Golden* opinion cites as authority for the statement that the debtor must comply with the law in effect on the filing date the statute, 11 U.S.C. § 522(b)(2)(A), and three court decisions, *Myers v. Matley*, 318 U.S. 622 (1943), *White v. Stump*, 266 U.S. 310 (1924), and *In re Zahn*, 605 F.2d 323, 327 (7th Cir. 1979), *cert. denied*, 444 U.S. 1075 (1980). All three of these decisions deal with the old Bankruptcy Act rather than the Bankruptcy Code, which is applicable to this case, and none of them deals with any change in the procedural law governing the claiming of the exemption between the filing date and any later date in the case. Accordingly, none of these cases is really helpful in clarifying the effect of the statutory language in section 522 of the Bankruptcy Code upon the question presented in the present dispute.

It is important to note that current Virginia law does not require that a homestead exemption to be effective in bankruptcy be claimed prior to the bankruptcy filing. Up until July 1, 2005 it required that the homestead deed be filed within five days of the date originally set for the first meeting of creditors, whether or not the meeting actually occurred on that date. Sometimes bankruptcy debtors failed to file their homestead deeds until after the time when a continued meeting of creditors was held and if their claim of exemption was objected to by the bankruptcy trustee or a creditor, they thereby lost their homestead exemption rights with respect to their bankruptcy case. *Smoot v. Wolfe*, 271 B.R. 155 (W.D. Va. 2001). In 2005 the General Assembly responded to this state of affairs by amending Va. Code § 34-17 to extend the applicable time period for recording a homestead deed to five days after the meeting of creditors actually held. This was clearly remedial legislation intended to benefit bankruptcy debtors and to give them the benefit of going through the meeting of creditors and interact with the trustee before actually being required to determine what they wanted to include in their homestead

deeds and get them timely filed.

It is clearly the policy of the bankruptcy laws of the United States and the statutes of Virginia that debtors receive the benefit in bankruptcy of the exemptions from creditor process to which those statutes entitle them.  The Court concludes that while the nature and extent of the bankruptcy exemptions available to a bankruptcy debtor are clearly determined under the laws in effect on the petition filing date under the language of § 522(b)(2)(A), such language does not deal with the procedural means for claiming such exemptions.  When state law permits the right to exemption to be perfected after the filing date, this Court concludes that the state legislature has the right to make remedial changes in the method of, and time within which, such perfection must occur, to be effective for open bankruptcy cases filed before the effective date of the legislation, consistent with the provisions of the Bankruptcy Code in effect at the time of filing, when the right to claim that exemption has not already expired under prior law.  If this conclusion is correct, the question then becomes whether Virginia has done so with regard to the circumstances presented here.  Those circumstances being the initial scheduling of the section 341 meeting of creditors on June 30, the new statute becoming effective on July 1, the right as of such time to have made a timely filing under the old law by July 5, and the fact that a timely filing of the homestead deed under the amended law was made within five days of the date of the meeting of creditors actually held.  Because the extension of the unexpired deadline for filing a homestead deed under Virginia law is clearly a matter of procedure not affecting vested rights of creditors or the bankruptcy trustee, it appears that under Virginia law the question becomes whether the statutory language evinces a legislative intent to make the statutory change retrospective in nature with respect to bankruptcy cases already filed when the statute became effective.

While the rules in Virginia concerning retrospective remedial legislation are clearly stated, their application in specific cases has resulted in what some might term surprising decisions. One of those rules is that "[remedial] legislation may, where the legislative intent to do so is clear, be applied retrospectively, subject to well-defined limitations." *Harbour Gate Owners' Ass'n, Inc. Berg*, 232 Va.. 98, 348 S.E.2d 252, 255 (1986). In that case the Supreme Court of Virginia held that language in the Virginia Condominium Act adopted in 1974 stating that, "[t]his chapter shall apply to all condominiums and to all horizontal property regimes or condominium projects" established a clear intent to make the new law applicable to projects constructed prior to its effective date. Id. Virginia's highest court has stated that even with respect to remedial legislation "retroactive or retrospective legislation is not favored, in the absence of any words expressing a contrary intention" and that it is "reasonable to conclude that the failure to express an intention to make a statute retroactive evidences a lack of such intention." *Ferguson v. Ferguson*, 169 Va. 77, 86-7, 192 S.E. 774, 777 (1937), quoted approvingly in *McIntosh v. Commonwealth*, 213 Va. 330, 331, 191 S.E.2d 791, 792 (1972). Under this rather clear statement of the applicable principle, remedial legislation, in the absence of any statement of legislative intention, has been held not retrospective with the loss of the litigant's cause of action. *See Shiflet v. Eller,* 228 Va. 115, 319 S.E.2d 750 (1984), *Berner v. Mills,* 38 Va. App. 11, 560 S.E.2d 925 (2002), *B. E. & K. Construction Company v. Stanley,* 1995 Va. App. LEXIS 321 (1995), and *Foster v. Smithfield Packaging Co., Inc.*, 10 Va. App. 144, 390 S.E.2d 511 (1990) and other decisions cited therein. The United States Court of Appeals for the Fourth Circuit held in the case of *Cassell v. Krippendorf (In re Cassell),* 1994 U.S. App. LEXIS 10489 (4th Cir. 1994), a decision not designated for publication, that an amendment to the Virginia statute which added actions for wrongful death to the existing

exemption for personal tort actions for injuries from creditor process was not retrospective in nature and upheld the bankruptcy trustee's objection to the claim of exemption.  *See also In re Moon,* 1997 Bankr. LEXIS 2346, *74-79 (Bankr. E.D. Va. 1997).

In contrast to these decisions is a line of workers' compensation cases holding that general language referring to "an award" or "all wages" was sufficient to express a legislative intent that statutory amendments apply to both awards and wages before or after the effective date of the statutory change, resulting in retrospective application of the statute.  *See Buenson Division v. McCauley,* 221 Va. 430, 432, 270 S.E.2d 734, 736 (1980), *Allen v. Mottley Construction Co,* 160 Va. 875, 889, 170 S.E. 412, 417 (1933), and *Cohen v. Fairfax Hospital Association,* 12 Va. App. 702, 710, 407 S.E.2d 329, 333 (1991).  While these cases are certainly distinguishable from the factual situations presented in the previously noted decisions denying retrospective application of remedial statutes, this Court has frankly been unable to reconcile them to its own satisfaction with the general principle that the legislative intent to make even remedial statutes retrospective in application must be clear and unequivocal.  The situation presented in this matter in some respects is certainly similar in nature to the ones dealt with in *Allen* and its progeny, which allow for extension of deadlines to file claims for injuries with respect to accidents which occurred prior to the effective date of the relevant statutory change when the remedial provision has become effective while the injured party still could have filed a claim under the prior version of the statute.  That is strikingly similar to the situation here where the Debtor could still have filed up until July 5 a timely homestead deed when the new statutory language became effective. Of course this is a bankruptcy case, not a workers' compensation case, and deals with the loss of possible property exemption rights rather than rights to make claims for job-related injuries.

Prior to its amendment the Virginia statute setting the deadline for filing a homestead deed, as pertinent to the facts of this case, provided as follows:

> To claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy or (ii) against whom an involuntary petition in bankruptcy is filed shall set such real or personal property apart on or before the fifth day after the date <u>initially set for</u> the date of the meeting held pursuant to 11 U.S.C. § 341, but not thereafter.[2]

Va. Code § 34-17(A) (2005 Repl. Vol.)(emphasis added). The 2005 amendment simply substituted the word "of" for the words "initially set for" but otherwise left the statute unchanged. The Court has not found any indication of there being any written legislative history concerning this change. The General Assembly did not include any language at all in the Acts of Assembly indicating any intent to make this change applicable to bankruptcy cases pending at the time of its effective date. Because its obvious purpose was to benefit bankruptcy debtors, the Court surmises that if the matter of retrospectivity had been considered, there would have been no apparent reason not to make the new provision applicable to pending cases in which the right to file the homestead exemption had not already expired. Try as it might though, the Court cannot in good faith conclude that this statutory change expresses any intention at all, much less a clear and unequivocal intent, to make this change retrospective in application. That being the case, the Court is bound, with regret, to conclude that this particular change in law falls within the general rule that statutory changes are not deemed to be retrospective in application, even when remedial in nature and not disruptive of vested rights, except where a legislative intent to make them so has been expressed. Accordingly, it concludes that the amended Virginia statute extending the time for filing a homestead deed in bankruptcy is applicable only with respect to

---

[2] The following sentence of this statute provides the deadline for filing a homestead deed in a case converted from Chapters 11, 12 or 13 of the Bankruptcy Code to Chapter 7.

bankruptcy cases filed on or after July 1, 2005. An order sustaining the Trustee's Objection and granting his Turnover Motion will be entered contemporaneously with the signing of this decision.

This 13th day of January, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE