IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE: WILLIAM & LOIS LOPEZ,            )
                                        )    CASE NO. 05-71778
    Debtors.                            )
                                        )    CHAPTER 7

## MEMORANDUM DECISION

The matter before the Court is the Debtors' Application for Waiver of the Appeal Fee pursuant to 28 U.S.C. § 1930(f). The issue is whether section 1930(f) applies to this case. This matter was heard on March 7, 2006. After due consideration of the facts and circumstances of this case, including the Debtor's financial condition and the applicable law, the Court concludes that the Application should be denied.

## FINDINGS OF FACT

This Chapter 7 case was filed on May 6, 2005. On November 14, 2005, the Chapter 7 Trustee filed an Objection to the Debtors' Claim of Exemptions and Motion for Turnover. The Court entered a Memorandum Decision and Order on January 13, 2006 sustaining the Trustee's Objection and granting the Motion for Turnover. The Debtors filed a Notice of Appeal and their Application for Waiver of the Appeal Fee on January 23, 2006. The Debtors' Application reports a total combined monthly income of $1,310.00, which consists of monthly social security disability benefits. The 2006 poverty guideline for a family of two is $1,100 per month.[1] Accordingly, 150% of the poverty guideline is $1,650.00 per month.

---

[1] Annual Update of the HHS Poverty Guidelines, 71 Fed. Reg. 3,848 (Jan. 24, 2006).

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. A request to waive an appeal fee with respect to a decision of the Bankruptcy Court denying a claim of exemption is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(B) and (O).

28 U.S.C. § 1930(f) provides the bankruptcy court may waive the appeal fee set forth in 28 U.S.C. § 1930(c) "in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments." Subsection 1930(f) was added to the statute, effective for all cases filed on or after October 17, 2005, by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 § 418 (Apr. 20, 2005) [hereinafter "BAPCPA"]. This case was filed on May 6, 2005; thus 28 U.S.C. § 1930(f) is not applicable. Although a few of the provisions of BAPCPA were made effective prior to October 17, 2005, this particular provision was not one of them. The Court is unaware of any other authority which would provide it the discretion to waive this fee imposed by statute, even though the appeal itself was not commenced until after the effective date of the new law. Consequently, the Court has no discretion to grant the Debtors' Application to Waive the Appeal Fee, but Rule 8001(a) of the Federal Rules of Bankruptcy Procedure makes clear that the failure to pay such fee shall not affect the appeal except to the extent determined appropriate by the District Court. An order denying the Debtors' Application will be entered contemporaneously

with the signing of this decision.

        This 10th day of March, 2006.

*/s/ William F. Stone, Jr.*
_____
UNITED STATES BANKRUPTCY JUDGE